DECISION
{¶ 1} Robert Upton filed this action in mandamus seeking a writ to compel the Industrial Commission of Ohio ("commission") to vacate its order denying him temporary total disability ("TTD") compensation and to enter a new order granting the compensation. *Page 2 
 {¶ 2} In accord with the local rules, the case was referred to a magistrate to conduct appropriate proceedings. The parties stipulated to pertinent evidence and filed briefs. The magistrate then prepared and filed a magistrate's decision which contains detailed findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate's decision includes a recommendation that we refuse to grant the requested relief.
 {¶ 3} Counsel for Robert Upton has filed objections to the magistrate's decision. Counsel for the commission and counsel for Crown Battery have each filed a memorandum in response. The case now comes before the court for a full, independent review.
 {¶ 4} Certain facts are not in debate. Robert Upton was injured while within the scope of his employment with Crown Battery. Mr. Upton's injuries would normally entitle him to receive TTD compensation because he is temporarily totally disabled. The compensation was denied to him because the commission decided that the doctrine of voluntary abandonment of employment applied.
 {¶ 5} Mr. Upton drove trucks for Crown Battery. He delivered batteries day after day. He did not choose to stop his employment. He was fired because, on September 26, 2005, he hit a guardrail. This was his fifth wreck in less than three years.
 {¶ 6} In the first wreck, Mr. Upton had his truck slide into a ditch. A wrecker was called and the truck was removed from the ditch without incident.
 {¶ 7} In the second incident, Mr. Upton hit a truck with his truck, with minimal damage to both. The company and the insurance company paid $782 to resolve the damage claim. *Page 3 
 {¶ 8} In the third incident, Mr. Upton backed his truck into another truck with little damage to either truck. The third incident led Crown Battery to send Mr. Upton a written notice which included "we will not except any more incidents while operating our vehicle."
 {¶ 9} The fourth incident occurred on February 23, 2004, when Mr. Upton hit a toll booth with the right front bumper of his truck. This led Crown Battery to send to him a "first written warning," which said Mr. Upton had violated safety rules of the company. This "first written warning" includes "[additional accidents within the next year will result in disciplinary action including removal from driving up to and including termination." (Stipulation of Record, at 52.)
 {¶ 10} After he received this warning, Mr. Upton went for over a year with no incidents. Then, on September 26, 2005, Mr. Upton hit a guardrail. Despite the at least implied promise in his "first written warning" that he faced disciplinary action only if he had another collision within a year, Robert Upton was fired. Also, despite a written progressive disciplinary action rule under Safety Rule 27 which called for a verbal warning, a first written warning, a second written warning and then termination, Mr. Upton was fired after his first official written warning.
 {¶ 11} We cannot say that Robert Upton's having a wreck under these circumstances constituted a violation of written work rules such that he was on notice that another wreck would automatically be grounds for termination. Additionally, while termination may have been justified, an accident does not equate to an intentional violation of a work rule so as to constitute voluntary abandonment.
 {¶ 12} Workers' compensation statutes are to be liberally construed in favor of injured workers. R.C. 4123.54(A) states "[e]very employee, who is injured or who *Page 4 
contracts an occupational disease" is entitled to workers' compensation unless the injury is purposely self-inflicted or caused by an employee's intoxication by drugs or alcohol. Mr. Upton's case does not present the kind of situation where the doctrine of voluntary abandonment should be applied. These types of cases are to be determined on a case-by-case basis. State ex rel. Feick v. Indus. Comm., Franklin App. No. 04AP-166,2005-Ohio-3986.
 {¶ 13} As a result, we sustain the objections filed on behalf of Robert Upton. We adopt the findings of fact in the magistrate's decision, supplemented by the additional facts above. Based upon our findings of fact and conclusions of law, we grant the relief sought and order the commission to pay relator TTD compensation.
Objections sustained; writ granted.
BROWN, J., concurs. McGRATH, J., dissents.